# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | |
|---|---|
| **TERRY WILSON, et al.** ) | |
| ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | |
| ) | **Case No.: 7:13-cv-00469-LSC** |
| **ALABAMA DEPARTMENT OF** ) | |
| **MENTAL HEALTH, et al.** ) | |
| ) | |
|     **Defendants.** ) | |

## ANSWER BY ALABAMA DEPARTMENT OF MENTAL HEALTH AND REBECCA BELLAH, IN HER OFFICIAL CAPACITY

Comes now the Alabama Department of Mental Health, and Rebecca Bellah, *in her official capacity only*, Defendants[1] in the above styled action [hereinafter referred to also as Defendant], and submit the following answer to the Plaintiffs' complaint.

1. Defendants concede that paragraph 1 asserts claims pursuant to the federal statutes mentioned, but deny that these statutes have been violated by the Defendants.

2. Paragraph number 2 of Plaintiffs' complaint purports to establish a subject matter jurisdictional basis for Plaintiffs' action. Defendants admit that the Court does have subject matter jurisdiction in this case.

## PARTIES

3. Defendants admit that Terry Wilson is an African American male. Defendants have insufficient knowledge to either admit or deny the remaining assertions of paragraph 3.

4. Defendants admit that Cecil R. Gordon is an African American male. Defendants have insufficient knowledge to either admit or deny the remaining assertions of paragraph 4.

5. Defendants admit that Loretta Wiggins is an African American female. Defendants have insufficient knowledge to either admit or deny the remaining assertions of paragraph 5.

6. Defendants admit that Michael Richards is an African American male. Defendants have insufficient knowledge to either admit or deny the remaining assertions of paragraph 6.

7. Defendants admit that Eddie Williams is an African American male. Defendants have insufficient knowledge to either admit or deny the remaining assertions of paragraph 7.

8. In response to paragraph 8, the Defendants would state as follows:

a. As noted in FN 1, Partlow Developmental Center was not a separate legal entity, so the Plaintiffs were not employed by Partlow Developmental Center, but were, rather, employees of the Alabama Department of Mental Health.

b. Defendant Rebecca Bellah was an administrator at Partlow Developmental Center, however, the Defendants deny that she was the direct supervisor of the Plaintiffs.

c. Defendants admit that the Alabama Department of Mental Health employs more than 500 employees.

d. Defendants admit that the Alabama Department of Mental Health operates facilities in this District and Division.

e. Defendants deny the remaining assertions of paragraph 8.

---

[1] Plaintiffs have named "Partlow Developmental Center" as a Defendant along with the Alabama Department of Mental Health. Partlow Developmental Center closed in December, 2011, but existed only as a facility of the Alabama Department of Mental Health and was never a separate legal entity.

9. Defendants admit that venue is proper for this action. Defendants deny, however, the assertion that discriminatory employment practices occurred in connection with these Plaintiffs.

10. Defendants deny the assertions of paragraph 10 and specifically deny that the Plaintiffs have fulfilled all conditions precedent to the institution of this action under 42 U.S.C. Section 2000, *et seq.,* as stated in paragraph number 10.

## **FACTS**

11. Defendants admit the assertions of paragraph number 11.

12. Defendants deny the assertions of paragraph number 12, as stated.

13. Defendants deny the assertions of paragraph number 13.

14. Defendants admit that R.W. was placed on the floor in prone position. Defendants deny the remaining assertions of paragraph 14.

15. Defendants deny the assertions of paragraph 15.

16. Defendants deny the assertions of paragraph 16, as stated.

17. Defendants admit that the CPI manual details the dangers of prone restraint, but deny the remaining assertions of paragraph 17.

18. Defendants admit that the Plaintiffs appealed their terminations to the State of Alabama Personnel Board, but deny the remaining assertions of paragraph 18.

19. Defendants deny the assertions of paragraph number 19.

20. Defendants deny the assertions of paragraph number 20, as stated.

21. Defendants admit the assertions of paragraph number 21.

22. Defendants admit that paragraph 22 correctly quotes from Exhibit D to Plaintiffs' complaint.

23. Defendants deny the assertions of paragraph 23.

24. Defendants deny the assertions of paragraph number 24.

## CLAIM I

25. Paragraph 25 does not require a response.

26. Paragraph 26 is Plaintiffs' designation of the party being sued pursuant to Title VII. To the extent that paragraph 26 requires a response, the Defendants would state as follows:

   a. As noted above, Partlow Developmental Center is not a suable legal entity and therefore is not a proper defendant.

   b. The Defendant Alabama Department of Mental Health denies that the Plaintiffs can maintain a viable action against it pursuant to Title VII.

27. Defendants deny the assertions of paragraph number 27.

28. Defendants deny the assertions of paragraph number 28.

## CLAIM II

29. Paragraph 29 does not require a response.

30. Paragraph 30 is Plaintiffs' designation of the parties with respect to whom a violation of the U.S. Constitution is being asserted. Defendant Bellah denies that the Plaintiffs can maintain an action against her in her official capacity for violations of the U.S. Constitution.

31. Defendant Bellah, in her official capacity, denies the assertion of paragraph 31 and further denies that the Plaintiffs can maintain an action against her in her official capacity for violations of the U.S. Constitution.

32. Defendant Bellah, in her official capacity, denies the assertion of paragraph 32 and further denies that the Plaintiffs can maintain an action against her in her official capacity for violations of the U.S. Constitution.

33. Defendant Bellah, in her official capacity, denies the assertion of paragraph 33 and further denies that the Plaintiffs can maintain an action against her in her official capacity for violations of the U.S. Constitution.

## PRAYER FOR RELIEF

Defendants deny that the Plaintiffs are entitled to any of the relief requested

## AFFIRMATIVE DEFENSES

1. Defendants deny that Plaintiffs are entitled to receive any portion of the relief requested in the complaint filed in the above styled cause.

2. Defendants assert that Plaintiffs' complaint fails to state a cause of action upon which relief may be granted.

3. Defendants assert that the Court lacks jurisdiction over the Defendant and the subject matter of this action.

4. Defendants assert that the Plaintiffs have not fulfilled all conditions precedent to the institution of this action under Section 42 U.S.C. Section 2000, *et seq.*

5. Defendants assert that the Plaintiffs have failed to exhaust all applicable administrative remedies and is therefore barred from bringing this action.

6. Defendants assert that they are absolutely immune, pursuant to the Eleventh Amendment to the *Constitution of the United States*, from suit for monetary damages and injunctive relief.

7. Defendants assert that the portions of the complaint which purport to rely upon Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, fail to state a claim upon which relief can be granted.

8. Defendants assert that its actions with respect to Plaintiffs were based on legitimate and necessary non-discriminatory business reasons, unrelated to Plaintiff's' race.

9. Defendants generally deny that the Plaintiffs were subjected to any disparate or differential treatment by the Defendants due to their race.

10. Defendants assert that this cause of action is barred by the applicable statutes of limitation.

11. Defendants generally deny each and every allegation of race discrimination.

12 Defendants assert that their actions would have been taken even in the absence of the Plaintiffs' race.

13. The Plaintiffs are not entitled to be awarded punitive damages against these Defendants.

14. The Defendants assert that there is no causal connection between any facts alleged in the complaint and any cognizable injury alleged.

15. Similarly situated white and black employees were treated the same by these Defendants.

16. At all times relevant herein, the Defendants acted in good faith in dealing with the Plaintiffs.

17. Defendant Bellah, in her official capacity, is immune from suit pursuant to 42 U.S.C. Section 1983.

Respectfully submitted,

s/ Nancy S. Jones
SJIS Att. Code JON032
Attorney for the Alabama Department
of Mental Health and Rebecca Bellah, in
Her Official Capacity Only

OF COUNSEL:

Alabama Department of Mental Health
Bryce Hospital Legal Office
200 University Boulevard
Tuscaloosa, Alabama 35401
(205) 759-0758

                                                    s/ Thomas B. Klinner
                                                    SJIS Att. Code KL1003
                                                    Attorney for Alabama Department
                                                    of Mental Health and Rebecca Bellah, in
                                                    Her Official Capacity Only

OF COUNSEL:
Alabama Department of Mental Health
100 North Union Street
P.O. 301410
Montgomery, Alabama 36130

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 2nd day of May, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to the individual listed below.

                                        s/ Nancy S. Jones

Bruce J. Downey, III
Patricia R. Osuch
Capell & Howard, P.C.
P.O. Box 2069
Montgomery, Alabama 36102

Andrew C. Allen
Hannah C. Thompson
White, Arnold & Dowd, P.C.
2025 Third Avenue, North
Suite 500
Birmingham, Alabama 35203